IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEROY CALVIN HALL )
)
v. ) NO. 3:11-0577
)
THE KROGER CO. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered June 21, 2011 (Docket Entry No. 3) this action was referred to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and for proposed findings of fact and recommendations for disposition of any dispositive motions.

Presently pending before the Court are: (1) the Motion to Dismiss filed by The Kroger Co. (Docket Entry No. 5); (2) the plaintiff's Motion for Summary Judgment (Docket Entry No. 13); (3) the Motion to Dismiss the plaintiff's Amended Complaint filed by The Kroger Co. (Docket Entry No. 24); and (4) the Motion to Dismiss filed by the United Food and Commercial Workers, Local 1995 (Docket Entry No. 26). Also before the Court are the parties respective responses to the motions. See Docket Entry Nos. 17, 21, and 29. Set out below are the Court's recommendations for disposition of the motions.

**I. BACKGROUND**

This action was originally filed by the pro se plaintiff in the Davidson County, Tennessee General Sessions Court on May 27, 2011, against The Kroger Co. ("Kroger").[1] The entirety of the allegations made by the plaintiff in the Complaint are: "Breach of Collective Bargaining Agreement, $25,000." See Docket Entry No. 1-2, at 2.

On June 16, 2011, Kroger filed a notice of removal of the action to this District pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, asserting that the plaintiff's allegation of a breach of a collective bargaining agreement ("CBA") raises a claim arising under federal law. See Docket Entry No. 1. In lieu of an answer, Kroger filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the plaintiff fails to state a claim upon which relief can be granted because (1) the plaintiff's five word Complaint fails to satisfy minimal pleadings standards by not alleging facts showing a claim that is plausible on its face, and (2) to the extent that the plaintiff alleges a state law claim based on breach of the CBA, such a claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 1985 ("Section 301").

In response, the plaintiff filed a Motion to Amend (Docket Entry No. 9), a Motion to Add the United Food and Commercial Workers, Local 1995 ("Local 1995") as a Third Party (Docket Entry No. 15), and his pending Motion for Summary Judgment (Docket Entry No. 13). By Order entered August 15, 2011 (Docket Entry No. 19), the Court granted the plaintiff's request to amend but denied his request to add Local 1995 under Rule 14(a)(3) of the Federal Rules of Civil Procedure because Local 1995 is not a third party defendant.

On August 30, 2011, the plaintiff filed an Amended Complaint adding Local 1995 as a defendant and amended his factual allegations as follows:

> Additionally, the plaintiff is seeking the amount of $1,000,000 for compensatory and punitive damages. The Kroger Co. and the United Food and Commercial Workers Local 1995 acted bilaterally and jointly against the plaintiff and in conjunction with themselves to serve their best interest since the "Collective Bargaining Agreement"

---

[1] The Kroger Co. asserts that its correct name is Kroger Limited Partnership I. See Docket Entry No. 1, at n.1, and Docket Entry No. 2.

> was between the two entities. See Exhibit A; this document was filed on my behalf by the United Commercial and Food Workers Local 1995 to the Kroger Co., and consequently, a contract was bartered against the plaintiff without plaintiff's consent. The plaintiff expressed both verbally and via text to the United Commercial and Food Workers Local 1995 not to barter a decision without the plaintiff's consent.

See Docket Entry No. 22. Although the plaintiff referred to "Exhibit A" in his Amended Complaint, an exhibit was not attached to his Amended Complaint.[2]

In response to the Amended Complaint, Defendant Kroger moves for dismissal of the Amended Complaint arguing that the Amended Complaint fails to cure the pleading deficiencies of the Complaint. See Docket Entry No. 24. Kroger asserts that the factual allegations made by the plaintiff still fail to set out a plausible claim against Kroger upon which relief can be granted and that, to the extent that the plaintiff's allegations can be construed to allege a claim based upon the CBA, such a claim is preempted by Section 301 as argued in its initial motion to dismiss. Local 1995 also moves for dismissal of the Amended Complaint and adopts the arguments for dismissal made by Defendant Kroger. See Docket Entry No. 26.

The plaintiff responds to the defendants' motions to dismiss the Amended Complaint by asserting that "[t]his claim is plausible due [to] the fact that this is an ongoing practice that both Kroger and the United Commercial and Food Workers Local 1995 jointly participate against the employees of the Kroger Co." See Docket Entry No. 29. He also attaches a copy of a grievance form filed by Local 1995 on his behalf against Kroger over the way that he was scheduled for work and the resulting change from a full time employee to a part-time employee. See Docket Entry No. 29-1. Neither defendant has filed a reply to the plaintiff's response in opposition.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the factual allegations contained

---

[2] Presumably, the plaintiff referred to the CBA filed by Defendant Kroger in support of its first motion to dismiss. See Docket Entry No. 5-1.

in the complaint, resolve all doubts in the plaintiff's favor, and construct the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The plaintiff's motion for summary judgment clearly warrants denial. The motion consists of just two sentences, does not contain any actual arguments showing that the plaintiff is entitled to judgment as a matter of law, is not supported by any type of evidence whatsoever, and fails to comply with the requirement of Local Rule of Court 56.01 that the motion be accompanied by a concise statement of undisputed material facts.

Defendant Kroger's first motion to dismiss should be denied as moot given that the plaintiff subsequently filed an Amended Complaint, which the Court construes as completely supplanting the original Complaint which was filed in state court.

However, the motions to dismiss the Amended Complaint filed by Kroger and Local 1995 should be granted. The Court agrees with both defendants that the plaintiff's pleadings fail to set forth sufficient facts upon which the Court can conclude that he has stated a plausible claim for relief.

One primary deficiency of the Amended Complaint is that the plaintiff fails to specifically state the legal claim or claims he asserts. Although the Court gives some leeway to the plaintiff in the construction of his pleadings because of his pro se status, the Court and the defendants are essentially left to guess at the exact nature of the plaintiff's lawsuit. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 127 S.Ct. at 1965). The plaintiff's Amended Complaint fails in this regard. To the extent that the plaintiff's Amended Complaint can be construed to allege a state law claim based on a breach of the CBA, the defendants are correct that any such claim is completely preempted by Section 301 and fails to state a claim upon which relief can be granted. See DeCoe v. General Motors Corp., 32 F.3d 212, 216 (6th Cir. 1994).

A second deficiency is that the Amended Complaint fails to set out distinct and understandable factual allegations which clearly show the factual basis for the lawsuit. Even if the Court were able to ascertain the legal claim made by the plaintiff, there is a fatal lack of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949–50.

Although the insufficiency of the plaintiff's Amended Complaint warrants dismissal of the action, the Court nonetheless recognizes that the plaintiff's inclusion of Local 1995 as a defendant, the plaintiff's argument in his response in opposition that he objects to the manner in which Local

1995 acted on his behalf in a grievance proceeding with Kroger and/or settled his grievance, and the exhibit attached to his response all suggest that what the pro se plaintiff may be attempting to plead in the action is a "hybrid" Section 301 claim.[3] When a union member files claims alleging breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union, the action is known as a hybrid § 301 action. See Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 583 (6th Cir. 1994).[4]

However, even given the most generous reading, the plaintiff's pleadings supplemented by his response in opposition fails to support such a claim. In order to make out a breach of the duty of fair representation, the plaintiff cannot rely merely on conclusory statements. Williams v. Molpus, 171 F.3d 360, 366 (6th Cir. 1999). He must allege specific facts that the union's actions during the grievance process were "arbitrary, discriminatory, or in bad faith." Garrison v. Cassens Transp. Co., 334 F.3d 528, 538 (6th Cir. 2003). A union's act of settling a grievance, even if done without consultation with the worker or in a manner with which he disagrees, does not amount to a breach of its duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 192, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Courie v. Alcoa Wheel & Forged Prodcuts, 577 F.3d 625, 631 (6th Cir. 2009); Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335, 1341 (6th Cir. 1975). Further, the plaintiff has failed to allege in what way Defendant Kroger breached the CBA. His failure to allege facts showing the plausibility of success on either component of his hybrid claim warrants the dismissal

---

[3] Generally, a plaintiff cannot amend his pleadings to set forth unpled claims through a response to a motion to dismiss. See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); Jocham v. Tuscola Cnty., 239 F.Supp.2d 714, 732 (E.D. Mich. 2003); Chambliss v. Coca-Cola Bottling Corp., 274 F.Supp. 401, 409 (E.D. Tenn. 1967), aff'd on other grounds, 414 F.2d 256 (6th Cir.1969), cert. denied, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970).

[4] The statute of limitations for filing a hybrid Section 301/duty of fair representation claim is six months. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983); Schoonover v. Consolidated Freightways Corp., 49 F.3d 219, 221-22 (6th Cir. 1995). Because it was not readily apparent from the plaintiff's Amended Complaint that he could be pursuing such a claim, should this Report and Recommendation be rejected and this action be permitted to proceed, the defendants are not deemed to have waived any possible statute of limitations defense by not including it in their motions to dismiss.

of his complaint. See Roeder v. American Postal Workers Union, AFL-CIO, 180 F.3d 733, 737 (6th Cir. 1999).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS:

(1) the Motion to Dismiss filed by The Kroger Co. (Docket Entry No. 5) be DENIED as MOOT;

(2) the plaintiff's Motion for Summary Judgment (Docket Entry No. 13) be DENIED;

(3) the Motion to Dismiss the plaintiff's Amended Complaint filed by The Kroger Co. (Docket Entry No. 24) and the motion to Dismiss filed by the United Food and Commercial Workers, Local 1995 (Docket Entry No. 26) be GRANTED; and

(4) this action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge