UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LEROY CALVIN HALL, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-00577 |
| | ) | Judge Sharp |
| THE KROGER CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Magistrate Judge Griffin issued a Report and Recommendation ("R & R") (Docket No. 30) in this case on February 28, 2012, recommending that (1) the Motion to Dismiss filed by The Kroger Co. (Docket Entry No. 5) be denied as moot in light of Plaintiff's filing of an Amended Complaint; (2) Plaintiff's Motion for Summary Judgment (Docket Entry No. 13) be denied; (3) Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docket Nos. 24 & 26) be denied; and (4) this case be dismissed with prejudice for failure to state a claim. At the conclusion of the R & R, Magistrate Judge Griffin specifically advised Plaintiff that he had fourteen days from service within which to file objections, and that any objections must "state with particularity the specific portions of [the R & R] to which objection is made." (Docket No. 30 at 7).

From all outward appearances, Plaintiff did not file timely objections,[1] and the general rule is that the failure to do so waives review. See, Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 458 (6th Cir. 2012). Even if Plaintiff's objections are deemed timely, Plaintiff does not specify

---

[1] The docket indicates that the Clerk's office sent the R & R by certified mail to Plaintiff at his listed address on the day it was entered, and a delivery attempt was made the following day. For unknown reasons, however, the letter was returned as unclaimed on March 21, 2012, yet the very next day, Plaintiff filed his objections.

1

the portions of the R & R to which he objects, and the failure to make specific objections also generally waives review. See, Zimmerman v. Cason, 345 Fed. Appx. 228, 230 (6th Cir. 2009).

Regardless, the Court has reviewed Plaintiff's Amended Complaint, and agrees with Magistrate Judge Griffin that, even construed in Plaintiff's favor, the Amended Complaint fails to meet the pleading and plausibility requirements of Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). As Magistrate Judge Griffin points out, the Amended Complaint fails to identify the legal claims asserted, and "fails to set out distinct and understandable factual allegations which clearly show the factual basis for the lawsuit." (Docket No. 30 at 5). Further, to the extent Plaintiff appears to be claiming that his grievance was settled without his consent, the law is clear that a union breaches its duty "when its conduct toward an employee is arbitrary, discriminatory, or in bad faith," but that duty is not breached "'merely because [a union] settled a grievance short of arbitration,'" and this is so even where the union "fail[s] to consult with a worker before settling his grievance." Courie v. Alcoa Wheel & Forged Prod., Inc., 577 F.3d 625, 631 (6th Cir. 2009) (quoting, Vaca v. Sipes, 386 U.S. 171, 177 (1967)).

Accordingly, the Court rules as follows:

(1) The R&R (Docket No. 30) is hereby ACCEPTED and APPROVED, and Plaintiff's Objections (Docket No. 33) thereto are hereby OVERRULED;

(2) The Motion to Dismiss filed by The Kroger Co. (Docket Entry No. 5) is hereby DENIED AS MOOT;

(3) Plaintiff's Motion for Summary Judgment (Docket Entry No. 13) is hereby DENIED;

(4) The Motions to Dismiss the Amended Complaint filed by Defendants The Kroger Company (Docket No. 24) and the United Food and Commercial Workers, Local 1995 (Docket No.

26) are hereby GRANTED;

(5) This case is hereby DISMISSED WITH PREJUDICE; and

(6) The Clerk of this Court shall enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

It is SO ORDERED.

*Kevin H. Sharp*
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE